advance by a cross-examination of the plaintiff.   The evidence presented by the plaintiff at that stage of the case did not authorize the introduction of the evidence contained in the offer.   The fact that an additional reason for this objection was given by the court is not ground for reversal."

It is also urged that the court erred in sustaining the objection by the plaintiff to a letter written by plaintiff to defendant by which letter defendant sought to show that plaintiff was holding himself out as a merchandise broker and was conducting business as such but the objection made to this letter was that it was dated February 8, 1914, being some time after the alleged special contract, under which the plaintiff's claim was made, that being November, 1913.   This objection was well taken. If the defendant had offered to connect this with other facts which would bring the proof to the point of time at which the contract was made, the matter would have presented a different aspect.

There is no testimony before us showing that the plaintiff was in the business of purchasing agent at the time the special contract, upon which he recovered, was made. As we have decided that the court committed no error in excluding the testimony above referred to, the verdict must stand.

The assignments of error are overruled.   Judgment affirmed.

---

## Nagy's Estate.

*Decedents' estates—Claims for services—Physician—Gratuitous service.*

Where a physician renders gratuitous professional services to the minor children of a widow, he cannot after the death of the widow change his mind, and present a claim against her estate for payment for his services on a quantum meruit.

Argued April 17, 1916.  Appeal, No. 16, April T., 1916, by G. M. Speck, from decree of O. C. Washington Co., Nov. T., 1914, No. 47, dismissing exceptions to auditor's report in Estate of Susie Nagy, deceased.  Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Exceptions to report of Harry A. Jones, Esq., auditor.
MCILVAINE, P. J., filed the following opinion:

Susan Nagy died leaving an estate which was settled by an administrator c. t. a., and upon the filing of his final account an auditor was appointed to make distribution among creditors and those entitled to take the estate.  Dr. G. M. Speck presented a bill for medical attendance on two minor children of the decedent who was a widow at the time said services were rendered.  The auditor found that at the time the doctor rendered this service he did it gratuitously, the reason for this appearing to be that the doctor was under a salary from a coal company as physician for the miners employed by it, and it appearing that it has always been the doctor's custom around all coal mining districts in which he lives, where there is any one who does not have any support, to treat them free of charge, and that he was doing this when he waited upon these two minor children of the decedent who at that time had no means of paying.  It would seem that the doctor, after the mother of these minor children died and they came into an estate, changed his mind and thought they should pay for their treatment.

An auditor's finding of fact is like the verdict of a jury;—is binding upon the court, unless manifest error is made apparent in the finding or in the verdict.  We must therefore take the question of fact in this case as true, and that is that the doctor when he rendered this service rendered it gratuitously, and that he had no thought of charging for the same until after Susan Nagy died and it became apparent that the minor children whom he treated would be entitled to receive a small dis-

tributive share from their mother's estate. With this fact conceded, we are clear that the auditor made no mistake in the law which he found was applicable to such cases. Where one has rendered gratuitous service at the instance of one living or for the benefit of one living, he cannot, after the death of the one who has received the services or who might have been the cause of his rendering the services, change his mind and present a claim for payment on a quantum meruit. The exceptions filed by Dr. Speck to the auditor's report are therefore overruled.

And now, April 20, 1915, exceptions to auditor's report came on to be heard and were argued by counsel, whereupon due consideration, it is ordered, adjudged and decreed that the exceptions be overruled and the auditor's report confirmed absolutely.

*Error assigned* was the decree of the court.

*Vernon Hazzard,* for appellant.

*Carl E. Gibson,* for appellee.

PER CURIAM, July 18, 1916:

The opinion of the court below, in overruling the exceptions filed to the auditor's report, in this case, fully answers the argument of the appellant, and for the reasons therein given the decree is affirmed.

---

## Crawford *v.* Crawford, Appellant.

*Divorce—Divorce a mensa et thoro—Alimony—Indignities to person—Acts of March 13, 1815, 6 Sm. L. 286, and February 26, 1817, 6 Sm. L. 405.*

Where a libel by a wife against her husband alleges as a ground for divorce, such indignities to her person as to render her condition intolerable and her life burdensome, and prays for an absolute divorce from him, and also for alimony, the court may disregard